STONEMOR REALTY COMPANY, Appellant, *v.* ISAAC BEYDA, Respondent.

First Department, November 2, 1923.

Summary proceedings to dispossess — answer alleged breach of covenant and contained counterclaim — lease prohibited landlord from renting adjoining stores for business similar to defendant's — evidence is inadmissible that plaintiff agreed orally at time lease was executed to assume burden of compelling another tenant to comply with his covenants not to engage in business similar to plaintiff's.

In summary proceedings to dispossess a tenant for non-payment of rent in which the tenant interposed an answer alleging a breach of a covenant of a written lease and a counterclaim based on that breach, evidence that the plaintiff agreed orally, at the time a renewal lease was executed, to bear the legal burden of compelling a certain tenant of adjoining premises to observe the covenants of his lease against engaging in business similar to that of defendant is not admissible where the written lease between the plaintiff and the defendant contains a covenant that the landlord will not rent adjoining premises for a business similar to that of defendant, and there is no claim that the landlord has not complied with the provisions of defendant's lease; such oral testimony varies and contradicts the written lease between the parties.

APPEAL by the plaintiff, Stonemor Realty Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 27th day of October, 1922, affirming a final order of the Municipal Court of the City of New York, Borough of Manhattan, Eighth District, in favor of the defendant in summary proceedings to recover possession of real property.

*Miller, Bretzfelder & Ruskay* [*Cecil B. Ruskay* of counsel; *Philip Wellins* with him on the brief], for the appellant.

*Ferris & Ansbacher* [*Jacob Ansbacher* of counsel], for the respondent.

FINCH, J.:

This is a summary proceeding by the landlord against the tenant for the non-payment of rent. The tenant interposed an answer containing a general denial and alleging a breach of covenant of a written lease and counterclaim for $7,000 because of the breach. Upon the trial it appeared that when the president of the landlord called upon the tenant as to a renewal in March or April, 1921, the tenant then had a renewal for one year or until March, 1922. As a result of that conversation, the tenant entered into a new lease from May 1, 1921, until May 1, 1923, at an increased rental. This latter lease, like the earlier lease, contained a provision that the premises were " to be used and occupied for the sale of Ladies' Wear, Linen, Cloth and Fancy Cloth Work    *    *    *." Said lease also provided that the landlord " further agrees not to rent any of stores in premises No. 4–14 E. 125th Street for the same line of business as the within mentioned tenant." The store at No. 8 East One Hundred and Twenty-fifth street was rented to a Japanese from June 1, 1920, to May 30, 1923, under a lease which contained the following provision: " That he will use said rented premises for the sale of Japanese goods only, including kimonos made in Japan. It being expressly understood that tenants will not sell any ladies' wear, linen, cloth or fancy cloth works." At the trial the tenant was allowed to testify over objection and exception of the landlord's counsel that in addition to the provisions of the lease, the landlord had agreed that he would bear the legal burden of compelling the Japanese to observe the covenants of his lease; and it was the contention of the tenant that because the landlord had not complied with this oral agreement made at the time of the making of the new lease by the tenant, the latter was relieved from the payment of rent and was entitled to recover on his counterclaim. The question of law is thus squarely raised as to whether evidence was admissible to establish the alleged oral agreement. If not admissible, then the counterclaim of the tenant fails. It seems that the rent has been paid under stipulation of the parties and that no question regarding the rent thus remains, but only the question of whether the tenant is entitled to recover under the counterclaim. Since the lease between the landlord and the tenant contains a written provision on the subject as to what the landlord should do in connection with the leasing of stores to other tenants and as there is no claim but that the landlord has complied with the provisions of the lease in this regard, it is clear that the oral testimony introduced by the plaintiff varies and contradicts the written lease between the parties. If the facts in the case at bar were that the lease between the landlord and the tenant was silent

with reference to the kind of business that the other tenants could do, then the cases might be applicable which hold that the agreement contended for by the tenant would be collateral, but where the lease specifically covers the subject-matter, then the oral agreement, as testified to by the tenant, contradicts and varies the deliberate written agreement of the parties and is inadmissible. (*Wilson* v. *Deen*, 74 N. Y. 531.)

It follows that the determination of the Appellate Term and the final order of the Municipal Court should be reversed, and the counterclaim dismissed and a final order directed in favor of the landlord, with costs to appellant in all courts.

CLARKE, P. J., DOWLING and McAVOY, JJ., concur.

Determination of the Appellate Term and final order of the Municipal Court reversed, and the counterclaim dismissed, and a final order directed in favor of the landlord, with costs to appellant in all courts.