MADISON TIRE & RUBBER COMPANY, INC., Plaintiff, Respondent,
*v.* MALCOLM TIRE CO., INC., Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 6, 1924.

Landlord and tenant — actions for rent — answer alleged fraud and set
up counterclaim predicated on breach of representations of written
lease that second floor of premises was suitable for loads not in excess
of fifty pounds to square foot — evidence as to conversations as to
representations and carrying capacity of floor properly excluded —
testimony of expert witness as to capacity of floor competent if defend-
ant pleads breach of implied warranty — defendant permitted to amend
answer and new trial ordered.

In actions to recover rent under a written lease, wherein the tenant's answer alleged
fraud and contained a counterclaim predicated upon the breach of representa-
tions in the lease that the second floor of the premises was suitable for loads
of fifty pounds per square foot, it was proper to exclude evidence as to alleged
conversations between officers of the plaintiff and the defendant as to the repre-
sentations as well as the testimony of an engineer as to the carrying capacity
of the floor where the lease contains a covenant that the landlord has made no
representations or promises in respect to the premises except those contained
in the lease which specifically covenants that the second floor was suitable for
loads not in excess of fifty pounds to the square foot, since the defendant cannot
be permitted under the guise of fraud to vary the terms of the lease.

If the defendant had pleaded breach of an implied warranty that the second floor
was suitable for loads not in excess of fifty pounds predicated on the language
of the lease, no evidence as to misrepresentations would have been required
and the testimony of the expert would have been competent. Under these
circumstances a new trial will be ordered and the defendant will be permitted
to amend its answer.

APPEALS by defendant from four judgments of the City Court
of the city of New York in favor of plaintiff.

*Cohen & Turchin,* for the appellant.

*Milton Dammann,* for the respondent.

McCook, J.  Plaintiff, landlord, brought four actions against
defendant, tenant, to recover rent for April, May, June, July and
August, 1913, under a written lease, the first covering April and
May and the others the three remaining months respectively.  At
the conclusion of the trial the court directed verdicts for the plaintiff.

The defendant asserted by way of counterclaim that plaintiff at
the time of the making of the lease represented to defendant that
the second floor of the premises was fit for the placing of tires and
would hold fifty pounds in weight of said tires to the square foot;
" that said representations were false and known to be false to the
plaintiff at the time of entering the said lease; that this defendant
relied on said representations in entering into said lease; that the

premises leased to this defendant would not hold fifty pounds to the square foot   *   *   *."

On the trial defendant offered evidence of alleged conversations between officers of plaintiff and the defendant to support these allegations, and also the testimony of an engineer, with respect to the carrying capacity of the second floor.   The plaintiff's objection to this proferred testimony was sustained, and the refusal of the court below to receive it is the subject of this appeal.

Paragraph 19 of the lease reads: " The landlord has made no representations or promises in respect to said building or to the demised premises except those contained herein and those, if any, contained in some written communication to the tenant signed by the landlord."

Paragraph 28 reads: " The second floor of the said building so leased as aforesaid being unsuitable for loads in excess of fifty (50) pounds to the square foot, it is expressly understood and agreed that in the event that the Tenant desires to use the said second floor of the said premises for loads of a greater weight than fifty (50) pounds to the square foot the said Tenant will at their own expense make the necessary alterations and reinforcements, structural or otherwise, such alterations and reinforcements to be subject to the approval of the Landlord and not to be undertaken except with the written consent of the Landlord thereto."

Upon the pleadings as they stand the testimony offered was properly excluded.   See in this connection *Stonemor Realty Co.* v. *Beyda,* 206 App. Div. 476.   Defendant cannot be permitted under the guise of a charge of fraud to vary the terms of the lease.

The record shows, however, that the court, seeing defendant's dilemma, considered permitting an amendment of the answer, but could not agree with the defendant's trial counsel upon the form of the new defense.   Had the defendant pleaded breach of an implied warranty, that the second floor *was suitable for loads not in excess of fifty pounds,* based upon the very language of the lease, no evidence of misrepresentations would have been required, and the testimony of the expert to show the breach would have become competent.

Since all the elements necessary to defendant's success appear to have been present upon the trial, and no surprise could have been claimed, there would have been no impropriety in permitting an amendment to the effect indicated.

Judgments reversed, with leave to defendant to amend its answer, and new trial ordered, with costs to appellant to abide the event.

BIJUR and CRAIN, JJ., concur.

Judgment reversed and new trial ordered.